UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN LEE ORR,

        Plaintiff,

v.

SHARON MEHRTENS,

        Defendant.

Case No. 14-cv-454-JPG-DGW

## MEMORANDUM AND ORDER

      This matter comes before the Court on the motion of plaintiff John Lee Orr for leave to proceed *in forma pauperis* (Doc. 2). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a motion to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

      Orr's motion is delinquent in two ways. First, he does not submit evidence of his indigency. Second, the Court is unable to discern a cause of action over which it has subject matter jurisdiction. It appears that Orr believes defendant Sharon Mehrtens has been appointed his guardian and payee of his veteran's benefits but refuses to pay court costs and probation fees he owes to Franklin County, Illinois. He seeks as a remedy a competency hearing and $500,000. Nothing about this suggests federal jurisdiction.

Because it appears this Court does not have jurisdiction over Orr's complaint, the Court **DENIES** Orr's motion for leave to proceed *in forma pauperis* (Doc. 2), **DISMISSES** Orr's complaint **without prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly. The Court further suggests Orr contact a legal clinic that assists veterans, such as, for example, the John Marshall Law School Veterans Legal Support Center and Clinic ((312) 360-2656).[1]

**IT IS SO ORDERED.**
**DATED:   May 7, 2014**

                                       s/J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **DISTRICT JUDGE**

---

[1] The Court does not endorse the services of this particular legal clinic but simply lists it as an example of an organization that may be able to assist Orr with his concerns.   Other veterans clinics may be identified by searching the internet.